UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-21154-CIV-ALTONAGA

DARIEL MARINO BORGES
BETANCOURT,

      Petitioner,

v.

WARDEN, KROME NORTH SERVICE
PROCESSING CENTER, *et al.*,

      Respondents.[1]

_____/

### ORDER

**THIS CAUSE** came before the Court on Petitioner, Dariel Marino Borges Betancourt's Verified Petition for Writ of Habeas Corpus . . . [ECF No. 1], filed on February 20, 2026.  Petitioner challenges his detention at the Krome Detention Center ("Krome") in Miami, Florida.  (*See generally id.*).  Respondent filed a Response [ECF No. 7]; to which Petitioner filed a Reply [ECF No. 8].  The Court has reviewed the record, the parties' written submissions, and applicable law. For the following reasons, the Petition is dismissed without prejudice for lack of subject matter jurisdiction.

### I.  BACKGROUND

Petitioner is a Cuban citizen who entered the United States on March 5, 2022.  (*See* Pet. ¶ 53).  Petitioner "was immediately encountered by immigration authorities" (*id.*), issued a Notice

---

[1] Petitioner names several Respondents, including the Warden of the Krome North Service Processing Center and Garrett Ripa, the Miami Immigration and Customs Enforcement Field Office Director. (*See* Pet. ¶¶ 28–29).  According to Respondents, the only proper party is Charles Parra, "in his official capacity as the assistant field office direct[or] of the Krome North Processing Center."  (Resp. 1 n.1 (alteration added)); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004) (reaffirming that "the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent").  Petitioner does not contest that assertion.  (*See generally* Dkt.).  Thus, the Court refers a singular Respondent.

to Appear, and released on his own recognizance on March 12, 2022 (*see* Resp. 2[2]; *see also* Pet., Ex. A, Order of Release on Recognizance [ECF No. 1-4]).

On September 17, 2025, Petitioner attended an immigration hearing in Miami, Florida. (*See* Pet. ¶ 57).  There, an Immigration Judge ("IJ") "granted the U.S. Department of Homeland Security's unopposed motion to dismiss removal proceedings [against Petitioner]."  (Resp. 2 (alteration added)).  That same day, the Government again initiated removal proceedings, this time placing Petitioner in expedited removal under 8 U.S.C. section 1225(b)(1).  (*See id.*; *see also* Pet. ¶¶ 57–58).  Petitioner was immediately arrested and detained by Immigration and Customs Enforcement.  (*See* Pet. ¶ 57).

On November 12, 2025, a U.S. Citizenship and Immigration Services asylum officer determined Petitioner had a credible fear of persecution or torture in Cuba and issued a new Notice to Appear.  (*See* Resp. 2–3).  Petitioner has sought his release on bond, but an IJ denied his request on February 19, 2026 for lack of jurisdiction.  (*See* Pet. ¶ 10).  Petitioner remains detained at Krome.  (*See id.* ¶ 17).

On February 20, 2026, Petitioner filed his Petition, asserting two claims for relief.  (*See generally* Pet.).  In Count I, Petitioner alleges his detention is properly governed under section 1226(a), and the Government's reliance on section 1225(b) "unlawfully mandates his continued detention and violates the [Immigration and Nationality Act ("INA")]."  (*Id.* ¶ 67 (alteration added)).  In Count II, Petitioner alleges his "continued detention without procedural due process amounts to a serious deprivation of his constitutional rights and violates the Due Process Clause of the Fifth Amendment."  (*Id.* ¶ 76).  Respondent argues the Court lacks jurisdiction to consider Petitioner's claims (*see* Resp. 3–8), Petitioner is properly detained under section

---

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

1225(b)(1) (*see id.* 8–9), and Petitioner's detention does not violate the Fifth Amendment (*see id.* 9–10).

## II.  LEGAL STANDARD

District courts have the authority to grant petitions for writs of habeas corpus.  *See* 28 U.S.C. § 2241(a).  Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted).  A writ may issue to a petitioner who demonstrates he is detained in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).  The Court's habeas jurisdiction extends to challenges involving immigration-related detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.  DISCUSSION

Respondent contends that because Petitioner is detained under 8 U.S.C. section 1225(b)(1), the Court lacks subject matter jurisdiction considering the jurisdiction-stripping provision set forth in section 1252(a)(2)(A).  (*See* Resp. 3–8).  Specifically, Respondent asserts that section 1252(a)(2)(A) divests the Court of jurisdiction to review claims or challenges pertaining to expedited removal proceedings under section 1225(b)(1).  (*See id.* 4–8); *see also* 8 U.S.C. § 1252(a)(2)(A)(i), (iii).  Petitioner insists the Court retains jurisdiction to review whether, in the first instance, the Government's reliance on section 1225(b)(1) was statutorily authorized.  (*See* Reply 2–3).  Respondent has the stronger argument.

Under section 1225(b)(1), "[i]f an immigration officer determines that an alien . . . is inadmissible . . . , the officer shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum . . . or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i) (alterations added).  Section 1225(b)(1) defines the term "alien" as "an alien who . . . has not been admitted or paroled into the United States, and who has

3

not affirmatively shown . . . that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility[.]" *Id.* § 1225(b)(1)(A)(iii)(II).[3]

Section 1252(a), in turn, contains a jurisdiction-stripping provision applicable to immigration actions arising under section 1225(b)(1). *See id.* § 1252(a)(2). Section 1252(a)(2) reads:

> (2) MATTERS NOT SUBJECT TO JUDICIAL REVIEW
>
> (A) Review relating to section 1225(b)(1)
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review [—]
>
> (i) except as provided in [section 1252(e)], any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title,
>
> . . . .
>
> (iii) the application of such section to individual aliens, including the determination made under section 1225(b)(1)(B) of this title[.]

*Id.* §§ 1252(a)(2)(A)(i), (iii) (alterations added).

Additionally, under section 1252(a), federal courts of appeals provide the exclusive forum through which petitioners may seek review of expedited removal orders. *See, e.g., id.* § 1252(a)(2)(D) ("Nothing in . . . this chapter (other than this section) which limits or eliminates

---

[3] By Respondent's own account, "[a]n alien . . . who satisfies an immigration officer that he or she has been continuously physically present in the United States for the 2-year period immediately prior to the date of determination of inadmissibility, is not placed in expedited removal under 8 U.S.C. [section] 1225(b)(1)[.]" (Resp. 4 (alterations added)). In his Reply, Petitioner contends that "[w]hen [the Government] detained [him] in September 2025, he had been residing in the United States for more than three years after . . . [DHS] released him on recognizance in March 2022." (Reply 2 (alterations added)). As explained, however, Petitioner's facial challenge to the applicability of section 1225(b)(1) in his case falls squarely into the jurisdictional bar to district court review set forth in section 1252(a).

judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section." (alteration added)); *id.* § 1252(a)(5) ("Notwithstanding any other provision of law . . . including [28 U.S.C.] section 2241 . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an [expedited] order of removal[.]" (alterations added)). Congress carved out only a narrow exception — in section 1252(e), permitting district courts to conduct limited habeas corpus review of expedited removal orders under specified circumstances. *See id.* § 1252(e)(2). The review permitted under section 1252(e) is confined to three tightly circumscribed factual questions: (1) whether the petitioner is an alien; (2) whether the petitioner was in fact ordered removed under section 1225(b)(1); and (3) whether the petitioner can prove he is a lawful permanent resident, was admitted as a refugee, or was granted asylum. *See id.* §§ 1225(e)(2)(A)–(C).

Outside the narrow window of review permitted by section 1252(e)(2), district courts may not review challenges pertaining to the implementation or operation of expedited orders of removal, or to the applicability of section 125(b)(1) to individual aliens. *See id.* § 1252(a)(2)(A)(i), (iii). And courts may not "enter declaratory, injunctive, or other equitable relief" with respect to such orders. *Id.* § 1252(e)(1)(A).

The statutory framework governing this action is clear and unambiguous. *See United States v. Carrell*, 252 F.3d 1193, 1198 (11th Cir. 2001) ("In statutory construction, the plain meaning of the statute controls unless the language is ambiguous or leads to absurd results." (citation and quotation marks omitted)). Petitioner's challenge relates to his expedited removal order under section 1225(b)(1) and subsequent detention, and he does not suggest that any of the exceptions in section 1252(e) applies to him. (*See generally* Pet; Reply). Therefore, because the

CASE NO. 26-21154-CIV-ALTONAGA

Petition, at its core, challenges the propriety of Petitioner's expedited removal order under section 1225(b)(1), section 1252(a)(2) deprives the Court of subject matter jurisdiction. *See Zamirov v. Olson*, No. 25-cv-6540, 2025 WL 2618030, at *2 (N.D. Ill. Aug. 29, 2025) ("[T]his court's review of [petitioner's] habeas petition is foreclosed by the plain language of the jurisdiction-stripping provisions of [section] 1252(a)(2)(A)(i) to the extent he seeks review of the expedited removal order." (alterations added)); *see also Pineda v. Customs & Border Prot.*, 544 F. App'x 925, 926 (11th Cir. 2013) (affirming district court's dismissal of habeas petition for lack of jurisdiction and holding that the "INA bars judicial review of any claim arising from or relating to the implementation or operation of an expedited removal order").

As the Court finds Respondent's first argument dispositive, it does not reach the remaining arguments raised in the Response. *See Busby v. I.R.S.*, No. 96-6566-Civ, 1997 WL 364507, at *2 (S.D. Fla. Feb. 23, 1997) ("Because the court finds this argument dispositive, it does not address Defendant's other arguments.").

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner, Dariel Marino Borges Betancourt's Verified Petition for Writ of Habeas Corpus . . . **[ECF No. 1]** is **DISMISSED without prejudice**.  The Clerk of Court is directed to **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 7th day of April, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

6